## MEDFORD v. WISE.

### No. 4713.

Court of Civil Appeals of Texas. Texarkana. May 9, 1935.

Rehearing Denied May 30, 1935.

O. H. Atchley, of New Boston, for appellant.

L. O. Meadows, of De Kalb, and H. H. Taylor, of Texarkana, for appellee.

SELLERS, Justice.

This is an appeal from the district court of Bowie county refusing the probate of the will of Mrs. Mary E. Estes. The will named Paul Medford, a grandson, appellant herein, as sole beneficiary; and the contest to the probate of the will is by her son, L. O. Wise, appellee. The grounds of the contest were three, namely: (1) Mental incapacity of Mrs. Estes to make a will; (2) fraud on the part of Paul Medford in procuring its execution; and (3) undue influence exercised by Paul Medford upon Mrs. Estes inducing her to execute the will.

The jury, in answer to special issues submitted to it, found that Mrs. Estes had sufficient mental capacity to make the will; that there was no fraud practiced on her in securing its execution; and further found that Paul Medford exercised undue influence on her which induced the execution of the will. From a judgment denying the probate of the will, Paul Medford has duly prosecuted this appeal.

By appropriate assignments of error the appellant insists that the trial court erred in overruling certain of his special exceptions which were directed at the sufficiency of appellee's petition in that the allegations with reference to undue influence were nothing more than conclusions of the pleader. The petition with respect to undue influence contains the following allegations: "He further represents to the court that if the said Mrs. Mary E. Estes made any last will and testament that the same was procured by the undue influence of the said Paul Medford, the beneficiary in said purported will; and by the fraud and misrepresentations of the said Paul Medford, caused and induced the said Mrs. Mary E. Estes to believe that she was signing and executing some instrument other than a will, and because he, the said Paul Medford, unduly persuaded and coerced the said Mrs. Mary E. Estes to make the said last will and testament." In another paragraph in the petition similar allegations were made which constitute all the allegations in the petition with reference to undue influence. We are of the opinion that appellant's exceptions to the petition should have been sustained. The Supreme Court of this

state in the case of Brown v. Mitchell et al., 75 Tex. 9, 12 S. W. 606, had before it very similar allegations with respect to undue influence, and it was there held that such allegations were nothing more than allegations of conclusions without the statement of a single fact to support them, and sustained the exception to the petition.

Appellant also complains of the sufficiency of the evidence to support the jury's finding of undue influence exercised by Paul Medford over Mrs. Estes. We think. this assignment should likewise be sustained. The evidence offered on this issue falls far short of that required by the authorities of this state to support such a finding. In view of another trial, we will not discuss this point at length, but deem it sufficient to cite the following authorities, where the sufficiency of the evidence to support a finding of undue influence has been fully discussed. McElhinney et al. v. Swepston (Tex. Civ. App.) 263 S. W. 940; Stolle et al. v. Kanetzky (Tex. Civ. App.) 259 S. W. 657; Decker v. Koenig et al. (Tex. Civ. App.) 37 S. W.(2d) 378; Pierson v. Pierson (Tex. Civ. App.) 57 S.W.(2d) 633; Taylor v. Small et al. (Tex. Civ. App.) 71 S.W.(2d) 895.

The judgment of the trial court will be reversed, and the cause remanded.